## King v. Commonwealth.

(Decided June 19, 1931.)

698

C. F. SPENCER for appellant.

J. W. CAMMACK, Attorney General (DOUGLAS VEST of counsel), for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Affirming.

The appellant, Porter King, was indicted by the grand jury of Clark county and accused of the felony offense of maliciously shooting at and wounding English Bowen, who was a member of a sheriff's posse that had been summoned by that officer to aid and assist him in arresting appellant under a warrant charging him with a misdemeanor. At his trial on the indictment, appellant was convicted and punished by confinement in the penitentiary for a period of five years and from that verdict, and the judgment pronounced thereon, he prosecutes this appeal, after his motion for a new trial was overruled.

The alleged errors argued in brief are so unsupported by the record, and so wanting in merit, as to require scarcely more than a mentioning of them. They are not numbered or classified in brief of appellant's counsel, but the grounds stated in the motion for a new trial are: (1) The verdict is not sustained by the evidence; (2) incompetent evidence introduced by the commonwealth over defendant's objections; (3) rejection of competent evidence offered by defendant; and (4) error of the court in refusing instruction A offered by defend-

ant, and in giving on its own motion instructions one, two, three, four, and five over defendant's objections and exceptions. The brief touches upon all of those grounds, except we fail to find in it any reference to incompetent evidence introduced by the commonwealth, or any reference to the refusal of the court to give to the jury instruction A, as set out in the motion for a new trial. The reason why, as we conclude, neither of those matters are discussed in brief, although referred to in the motion for a new trial, is because there is nothing in the record presenting them. We have searched it in vain to find any support for the alleged error in the admission of incompetent testimony, and no reference whatever is made to it in counsel's brief filed in this court on behalf of appellant. Neither is instruction A offered by defendant referred to in brief, or its refusal in any manner relied on therein as a prejudicial error against appellant, and for the reason, as we conclude, that the offered instruction was nothing more than the ordinary self-defense one, but without qualification. It was fully supplied by the self-defense instruction that the court gave if no qualification had been added to it, but which latter will be considered and determined later in this opinion.

In disposing of ground (1) it will be necessary to make a substantial statement of the facts, the greater number of which are not only undenied by appellant, but expressly admitted by him, and those which he attempted to deny are so overwhelmingly proven as that it may be said they are established beyond a reasonable doubt. In the forenoon of February 22, 1930, a warrant was issued for the arrest of appellant in which he was charged with shooting on the public highway, and it was procured upon the affidavit of one Benard Stamper. It was placed in the hands of the sheriff of Powell county, the venue of that offense, for execution, and he, with his deputy and some summoned assistants, began a search for appellant for the purpose of serving the warrant on him by arresting him, and some time in the afternoon they discovered him with another male companion and two girls at the end of a bridge spanning the creek separating Powell and Clark counties. The four soon got into the automobile in which they had driven to that place, and started across the bridge into Powell county. When defenlant and his companions came into the latter county, they discovered the sheriff and his posse not far away in their automobile, and the sheriff and his posse commenced to

alight from their automobile, as did also defendant from his, and he had his pistol in his hand as he did so. The sheriff then read the warrant to him and requested his surrender, but, instead of submitting to arrest, he pointed his pistol at the sheriff and other members of the posse and commenced backing across the bridge into Clark county, saying to the sheriff at the time: "You just as well order your little black box," and that "I will die before I will be arrested," or, as some of the witnesses put it, "I will die and go to hell before I will be arrested." He also said to the sheriff, according to the commonwealth's proof, "While you are killing me I will kill you."

During that time a majority of the members of the posse, if not all of them, including the sheriff, endeavored to persuade appellant to submit to arrest and assured him that he would not be hurt or harmed, and that the offense, was a small one, and that none of them desired any trouble. But he persistently resisted and sought to avoid the arrest by continuing to back away from the officer and his assistants who, while talking to him, were slowly advancing toward him when he finally fired two shots from his pistol, which were followed by shots from the sheriff and some other members of his possee, and which resulted in wounding defendant, but he also wounded English Bowen, and it was for firing that shot and inflicting that wound that he was indicted and convicted. Practically the only difference between all of the witnesses introduced by the commonwealth on the one side and defendant in testifying for himself (for he did not introduce any of the persons who were with him at the time he was discovered) is that, in his firing the first two shots that were made on that occasion defendant stated that he "fired them in the air" and which the commonwealth's witnesses did not dispute, but added that they were fired into the air that was in a direct line between the muzzle of his pistol and the wounded man and another located near him. So that, as so literally construed, there was no practical contradiction in the entire testimony heard at the trial as to how the transaction occurred. But, if we should so interpret (and which, perhaps, would be correct) the testimony of defendant to mean that he did not shoot in the direction of any member of the posse, but into open unobstructed space, then his testimony, as so interpreted, is overwhelmingly contradicted by, not only a half dozen or

more witnesses who testified for the commonwealth, but also by other facts and circumstances in the case, and the jury was, therefore, amply justified in accepting and finding the facts to be as stated by the witnesses for the commonwealth, and for which reason ground (1) is, as we have hereinbefore said, wholly without merit.

One argument made in support of ground (3) (ground (2) having heretofore been eliminated from the discussion for reasons stated), is that the court erred in sustaining the commonwealth's objections to questions propounded by appellant's attorney for the purpose of showing bad feeling theretofore existing between appellant and Benard Stamper, who swore out the warrant on which the posse was ateempting to arrest him, relating to some threats that were alleged to have been made by Stamper. The court sustained the objections to the form of the question, and stated to counsel the reason for its ruling. The questions were not later put as the court suggested in his explanation would be the proper method of inquiry, and the matter was then abandoned, without any avowal as to what the witness would say if permitted to answer the question which the court concluded was improperly framed. Under all opinions of this and other courts wherein the question was presented, we cannot consider the error in this respect, in the absence of an avowal of what the interrogated witness would say if permitted to answer, and that is true even where there is no doubt cast upon the manner of interrogation. Technically speaking, the questions propounded in this case were not framed according to the approved method of examination, but the departure therefrom was slight, and, perhaps, the court's ruling was somewhat technical in not allowing them to be answered. But, even if that were true, the error is not presented to us in such a manner as to authorize its consideration.

Another argument in support of this ground, and wherein there was an avowal made, criticizes the ruling of the court upon a question asked appellant by his attorney as to why he did not submit and allow the sheriff to serve the warrant on him by taking him in custody. The avowal was: "I was afraid."

"Q. Afraid of whom. A. Benard Stamper.
"Q. Why were you afraid of him? A. I was afraid he might shoot me because I knew he had it in for me and I was afraid of him."

There was no other testimony in the case to prove any such state of feeling between appellant and Stamper, and, in addition thereto, there was present the sheriff, his deputy, the jailer, and the victim of defendant's pistol shot, all of whom were proven to be his friends, and who could, and no doubt would, protect him against any supposed vengeance of Stamper, even if the latter had been inclined to harm him after he was arrested, all of which stamps the alleged excuse, as contained in the avowal, as an afterthought, and as furnishing the best excuse that could be thought of for resisting the arrest. Besides, the alleged reason for such resistance, if competent, was so overwhelmingly disproven as to render the error, if one, nonprejudicial. We, therefore, find no merit in this ground.

The only remaining part of ground (4) is the alleged error of the court in giving the instructions that it did to the jury on its own motion, and the only criticism made to them is confined to the qualification of the self-defense instruction. Without the qualification, that instruction was couched in the ordinary and approved terms, and to which no objection is made. The only criticism made to the qualification in brief of counsel is that it did not require the jury to believe the facts depriving him of his right of self-defense beyond a reasonable doubt. But in making that contention counsel evidently overlooked the fact that at the very beginning of the qualification (which is designated in the record as instruction IIa), the court said: "But this (self-defense) instruction is subject to the following qualifications. If the jury believe from the evidence beyond a reasonable doubt that the defendant, Porter King, brought on the difficulty in which English Bowen was shot and wounded by shooting at said Bowen or Benard Stamper, when it was not necessary and when the defendant had no reasonable grounds to believe it was necessary in order to protect himself from immediate danger of death or great bodily harm," etc. It, therefore, will be seen that this criticism of the qualification is without support in the record to sustain it, since the court properly required the jury to believe "beyond a reasonable doubt" that the defendant was guilty of the enumerated acts, as constituting the "bringing on" of the difficulty, before he should be deprived of his right of self-defense, and for which reason this part of ground (4) cannot be sustained.

Finding no error prejudicial to defendant's substantial rights, the judgment is affirmed.